UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN P. HIGGINS,

        Plaintiff,

v.                                    Case No:   6:14-cv-472-Orl-18KRS

WHITE SERVICES GROUP, INC. and W.
GENE WHITE,

        Defendants.

_____

REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT:

This matter comes before the Court following review of the case for subject-matter jurisdiction.

I.      BACKGROUND.

On March 21, 2014, Plaintiff, John Higgins, filed a complaint against Defendants, White Services Group, Inc. ("White Services Group") and W. Gene White.   Doc. No. 1.   In Count I of his complaint, Plaintiff alleged that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), by failing to pay him one-and-a-half times his regular hourly rate for overtime work.   Count II is a claim for breach of contract.   Plaintiff alleged that he worked for Defendants from approximately November 2011 to March 2013 and that he was paid $9.25 per hour.   He also alleged that, "[d]uring one of more workweeks, WHITE SERVICES GROUP, INC. did not pay Plaintiff the full wages owed in violation of the agreement" and that "Plaintiff was unlawfully denied the full wages owed in violation of the agreement."   *Id.* ¶¶ 25-26.   Count III is a claim for conversion.   The caption of the count stated that it is against "Saturn II Security

Services Agency," and alleged that Plaintiff was required to contribute child support withholdings to the State of Florida and that "Defendant" kept all or a portion of the child support withheld from Plaintiff and converted it for "their" own use.  *Id.* ¶¶ 35-37.  Plaintiff invoked the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for Counts II and III.

On March 28, 2014, I ordered Plaintiff to show cause why Counts II and III should not be dismissed for lack of supplemental jurisdiction or, alternatively, why the Court should not decline to exercise supplemental jurisdiction over those counts.  Doc. No. 6.

On April 5, 2014, Plaintiff filed an amended complaint.  Doc. No. 7.  The amended complaint is essentially identical to the original complaint, except that it clarifies that the breach of contract and conversion claims stated in Counts II and III are directed to White Services Group and omits any reference to Saturn II Security Services Agency.  *Id.*

Plaintiff also filed a response to the Order to Show Cause.  Doc. No. 8.  In the response, Plaintiff noted that he had filed an amended complaint to clarify that the proper defendant as to Count III was White Services Group, not Saturn II Security Services Agency.  Plaintiff also stated that, in his estimation, Counts II and III arise out of a common nucleus of operative fact with the FLSA claim because they "arise not only from Plaintiff's employment with Defendants but also directly concern the wages Plaintiff was paid by Defendants."  *Id.* at 1.  In addition, he stated that he anticipates that many of the same documents and exhibits (e.g. payroll documents, pay stubs, pay checks, etc.) and the same primary witnesses (e.g. Plaintiff, White, and a corporate representative of White Services Group) will be used in both actions.  Finally, he stated that Counts II and III "will not predominate over the federal FLSA claim, but, instead, go hand-in-hand with the claim, and will necessarily involve the same payroll documents and evidence, and

witnesses." *Id.* at 2.   Thus, Plaintiff requested that the Court retain jurisdiction over Counts II

and III of the amended complaint.

## II.      APPLICABLE LAW.

Under 28 U.S.C. § 1367(a), the Court may exercise supplemental jurisdiction over all state

claims that are so related to claims in the action that are within the Court's original jurisdiction

that they form part of the same case or controversy under Article III of the United States

Constitution.   Courts have interpreted this provision to mean that federal courts may exercise

supplemental jurisdiction over all state claims that arise out of a common nucleus of operative fact

with a substantial federal claim.   *Lucero v. Trosch*, 121 F.3d 591, 597 (11th Cir. 1997)(citations

omitted).   In determining whether state law claims satisfy this standard, courts examine "whether

the claims arise from the same facts, or involve similar occurrences, witnesses or evidence."

*Hudson v. Delta Airlines, Inc.*, 90 F.3d 451, 455 (11th Cir. 1996)(citing *Palmer v. Hosp. Auth.*, 22

F.3d 1559, 1566 (11th Cir. 1994)).   The Court may decline to exercise supplemental jurisdiction

over a claim arising under state law under the following circumstances:

> (1)  The claim raises a novel or complex issue of State law;
>
> (2)  The claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
>
> (3)  The district court has dismissed all claims over which it has original jurisdiction; or
>
> (4)  In exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. §1367(c).   The Court may also decline to exercise supplemental jurisdiction after

analysis of the traditional supplemental jurisdiction set forth by the Eleventh Circuit in *Palmer v.*

*Hospital Authority*, including judicial economy, convenience, fairness to the parties, and whether

all the claims would be expected to be tried together.   *Palmer,* 22 F.3d at 1569.

### III.   ANALYSIS.

The essence of Plaintiff's FLSA claim is that Defendants failed to pay him at one-and-a-half times his hourly rate for overtime hours.   This claim is undoubtedly within the Court's original federal question jurisdiction pursuant to 28 U.S.C. § 1331.   Thus, the Court must determine whether Plaintiff's breach of contract (Count II) and conversion (Count III) claims arise out of a common nucleus of operative fact with the FLSA claim, and, if so, whether the Court should nonetheless decline to exercise supplemental jurisdiction over those claims.

Plaintiff's conversion claim (Count III) arises from Plaintiff's obligation to pay child support and what White Services Group did with money withheld from his paycheck to satisfy that obligation.   Plaintiff alleges that he was required to contribute child support to the State of Florida and that White Services Group withheld such amounts from his wages, but, rather than pass the funds along to the State of Florida, converted all or some of the money to its own use.   Doc. No. 7 ¶¶ 35-38.   This is fundamentally different conduct than the conduct underlying Plaintiff's FLSA claim.   The question of whether White Services Group converted child support withholdings to its own use is factually distinct from the question of whether Defendants failed to pay Plaintiff properly for overtime hours.   Thus, it is not evident that Plaintiff's conversion claim and the FLSA claim arise out of a common nucleus of operative fact sufficient for the Court to exercise supplemental jurisdiction over Plaintiff's breach of contract claim.

As for the breach of contract claim (Count II), Plaintiff does not allege sufficient facts in the amended complaint or in the response to the Order to Show Cause to establish that this claim and the FLSA claim arise out of a common nucleus of operative facts.   The amended complaint alleges only that White Services Group "did not pay Plaintiff the full wages owed in violation of the agreement" and that Plaintiff "was unlawfully denied the full wages owed in violation of the

agreement."   Doc. No. 7 ¶¶ 25-26.   There are no facts alleged regarding the terms of the

agreement and no facts alleged regarding the manner in which White Services Group allegedly

breached the agreement.   It may be that Plaintiff is contending that the parties agreed that White

Services Group would pay Plaintiff $9.25 per hour and that White Services Group breached that

agreement by converting to its own use money withheld from his paycheck to satisfy Plaintiff's

child support obligation.   If so, then the breach of contract claim may arise from facts common to

the conversion claim rather than facts common to the FLSA claim.

Even assuming the required "common nucleus of operative fact" necessary for the exercise

of supplemental jurisdiction could be alleged, I recommend that the Court find that Plaintiff's state

law claims would substantially predominate over his FLSA claim and decline to exercise

supplemental jurisdiction over them.

To succeed on his FLSA overtime claim, Plaintiff must show that the FLSA applied to his

work for Defendants, that he was employed by Defendants for the time period involved, and that

Defendants failed to pay the overtime compensation required by law.   *See* 29 U.S.C. § 207.[1]   To

succeed on his state law claims, Plaintiff will need to go beyond these showings.   For his breach

of contract claim, Plaintiff will also need to show: "(1) the existence of a contract, (2) a breach of

the contract, and (3) damages resulting from the breach."   *Rollins, Inc. v. Butland*, 951 So. 2d

860, 876 (Fla. 2d Dist. Ct. Ap. 2006).   For his conversion claim, he will need to show "an act of

dominion wrongfully asserted over another's property and inconsistent with his ownership

therein."   *Warshall v. Price*, 629 So. 2d 903, 904 (Fla. 4th Dist. Ct. App. 1993).   Many of these

elements are foreign to Plaintiff's FLSA claim.   Accordingly, I recommend that the Court find

---

[1] Because Plaintiff seeks to hold White personally liable, he will also be required to show that
White was his "employer" within the meaning of the FLSA.

that, even if supplemental jurisdiction exists, Plaintiff's state law claims will substantially

predominate over his FLSA claims, as set forth in § 1367(c).   *See, e.g.*, *Lecik v. Nost*, No. 6:05-

cv-1040-Orl-KRS, 2005 WL 3307192, at *2-3 (M.D. Fla. Dec. 6, 2005) (concluding that

plaintiff's breach of contract claim substantially predominated over FLSA overtime claim in part

because of disparate elements of proof); *see also Cruz v. Winter Garden Realty, LLC*, No. 6:12-cv-

1098-Orl-22KRS, 2012 WL 6212909, at *3 (M.D. Fla. Nov. 27, 2012), *adopted by* 2012 WL

6212847 (M.D. Fla. Dec. 13, 2012) (collecting cases in which courts declined to exercise

supplemental jurisdiction where state law claims require different or foreign elements of proof).

   As mentioned above, the Court may also decline to exercise supplemental jurisdiction after

analysis of the traditional supplemental jurisdiction set forth by the Eleventh Circuit in *Palmer*,

including judicial economy, convenience, fairness to the parties, and whether all the claims would

be expected to be tried together.   *Palmer,* 22 F.3d at 1569.   Given the multiple foreign elements

of proof necessary for Plaintiff to make out his state law claims, trial of all three claims would

likely require significantly more judicial resources than a trial of the FLSA overtime claim alone.

In addition, Plaintiff's claims may well shift the jury's attention away from whether Defendants

paid Plaintiff one-and-a-half times his regular hourly rate for overtime work (which does not

require any consideration of Defendants' intent or the niceties of offer-and-acceptance under

Florida contract law), thereby creating the potential for juror confusion.   By way of contrast,

Plaintiff can litigate his state law claims fully in state court.   Therefore, there would be no

unfairness or inconvenience to the parties, and judicial economy will be served by permitting the

breach of contract and conversion claims to be fully litigated in state court.

   Accordingly, even if the Court could exercise supplemental jurisdiction over Plaintiff's

state law claims, under these circumstances and after considering all the factors set forth by the

Eleventh Circuit in *Palmer*, I respectfully recommend that the Court decline to do so pursuant to 28 U.S.C. § 1367(c)(2) because Plaintiff's state law claims would substantially predominate over his FLSA overtime claims and because including his state law claims in this case would create the potential for juror confusion and delay.

## IV.     RECOMMENDATION.

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court **DISMISS** Counts II and III of Plaintiff's amended complaint with leave to refile in state court within the time permitted by 28 U.S.C. § 1367.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 17, 2014.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy